**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| PAPST LICENSING GmbH & CO. KG,<br><br>Plaintiff,<br><br>v.<br><br>CANON INC., CANON U.S.A., INC., and CANON FINANCIAL SERVICES, INC.,<br><br>Defendants. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Papst Licensing GmbH & Co. KG ("Papst"), for its Complaint against defendants Canon Inc. ("Canon Japan"), Canon U.S.A., Inc. ("Canon USA"), and Canon Financial Services, Inc. ("Canon Financial Services") (collectively, "Canon defendants"), hereby alleges as follows:

### The Parties

1. Plaintiff Papst is a company organized under the laws of The Federal Republic of Germany with its principal place of business at Bahnhofstrasse 33, 78112, St. Georgen, Germany.

2. Canon Japan is a Japanese corporation with its principal place of business at 30-2, Shimomaruko 3-chome, Ohta-ku, Tokyo 146-8501, Japan. Canon Japan manufactures and sells a wide range of consumer electronics products, including digital cameras and camcorders.

3. Canon USA is a New York corporation with its principal place of business at One Canon Park, Melville, New York 11747. Canon USA manufactures, sells, and imports a wide range of consumer electronics products, including digital cameras and camcorders.

4. Canon Financial Services is a New Jersey corporation with its principal place of business at 158 Gaither Drive, Mt. Laurel, New Jersey 08054. Canon Financial Services sells and imports a wide range of consumer electronics products, including digital cameras and camcorders.

5. Canon USA is a wholly owned subsidiary of Canon Japan.

6. Canon Financial Services is a wholly owned subsidiary of Canon USA.

**Nature Of The Action**

7. This is a civil action for infringement of U.S. Patent Nos. 8,504,746 ("the '746 patent") (attached as Exhibit A) and 8,966,144 ("the '144 patent") (attached as Exhibit B) (collectively, the "Patents-in-Suit") under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

**Jurisdiction And Venue**

8. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 *et seq.*

9. This Court has personal jurisdiction over the Canon defendants because, among other things, the Canon defendants have committed, aided, abetted, contributed to, and/or participated in the commission of patent infringement in violation of 35 U.S.C. § 271 in this judicial district and elsewhere that led to foreseeable harm and injury to Papst.

10. This Court also has personal jurisdiction over the Canon defendants because, among other things, the Canon defendants have established minimum contacts within the forum such that the exercise of jurisdiction over the Canon defendants will not offend traditional notions of fair play and substantial justice. For example, the Canon defendants have placed

products that practice and/or embody the claimed inventions of the Patents-in-Suit into the stream of commerce with the reasonable expectation and/or knowledge that purchasers and users of such products were located within this district. In addition, the Canon defendants have sold, advertised, marketed, and distributed products in this district that practice the claimed inventions of the Patents-in-Suit. The Canon defendants derive substantial revenue from the sale of infringing products distributed within the district, and/or expect or should reasonably expect their actions to have consequences within the district, and derive substantial revenue from interstate and international commerce.

11. In addition, the Canon defendants knowingly, actively induced and continue to knowingly actively induce (or are willfully blind to the) infringement of one or more of the Patents-in-Suit within this district by making, using, offering for sale, and selling infringing products, as well as by contracting with others to use, market, sell, and offer to sell infringing products, all with knowledge of the asserted Patents-in-Suit, and their claims, with knowledge that their customers will use, market, sell, and offer to sell infringing products in this district and elsewhere in the United States, and with the knowledge and specific intent to encourage and facilitate infringing sales and use of the products by others within this district and the United States by creating and disseminating promotional and marketing materials, instructional materials, and product manuals, and technical materials related to the infringing products.

12. Moreover, the Canon defendants knowingly contributed to the infringement of one or more of the Patents-in-Suit by others in this district, and continue to contribute to the infringement of one or more of the Patents-in-Suit by others in this district by selling or offering to sell components of infringing products in this district, which components constitute a material part of the inventions of the Patents-in-Suit, knowing of the patents-in-suit and their claims,

knowing those components to be especially made or especially adapted for use to infringe one or more of the Patents-in-Suit, and knowing that those components are not staple articles or commodities of commerce suitable for substantial non-infringing use.

13.   Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b), because the Canon defendants are subject to personal jurisdiction in this district and have committed acts of infringement in this district.

### The Patents-In-Suit

14.   United States Patent No. 8,504,746 ("the '746 patent"), titled "Analog Data Generating And Processing Device For Use With A Personal Computer," was duly and lawfully issued by the U.S. Patent and Trademark Office on August 6, 2013.  A copy of the '746 patent is attached hereto as Exhibit A.  Papst is the assignee of all rights, title, and interest in the '746 patent, and it possesses all rights to sue and recover for any current or past infringement of the '746 patent.

15.   United States Patent No. 8,966,144 ("the '144 patent"), titled "Analog Data Generating And Processing Device Having A Multi-Use Automatic Processor," was duly and lawfully issued by the U.S. Patent and Trademark Office on February 24, 2015.  A copy of the '144 patent is attached hereto as Exhibit B.  Papst is the assignee of all rights, title, and interest in the '144 patent, and it possesses all rights to sue and recover for any current or past infringement of the '144 patent.

16.   The '746 patent was published by the U.S. Patent and Trademark Office on June 2, 2011 (as US Patent Publication No. 2011/0131353) with claims substantially similar to the later issued claims of the '746 patent.

17. The '746 patent issued from a continuation application to United States Patent Applications 10/219,105 and 09/331,002, which issued as United States Patent Nos. 6,895,449 and 6,470,399, respectively.

18. Papst and the Canon defendants have been engaged in litigation regarding United States Patent Nos. 6,895,449 and 6,470,399 in the case entitled *Papst Licensing GmbH & Co. KG v. Canon, Inc. et al.*, 1:08-cv-3609 (N.D. Ill.) filed June 24, 2008, and consolidated in *In re Papst Licensing GmbH & Co. KG Litig.*, Misc. No. 07-493 (D. D.C.) on July 28, 2008.

19. On information and belief, the Canon defendants have monitored Papst's patent prosecution activities at least since entering litigation with Papst in 2008.

## COUNT I

### Infringement of U.S. Patent No. 8,504,746

20. Paragraphs 1 through 19 are incorporated by reference as if fully stated herein.

21. The '746 patent is valid and enforceable.

22. The Canon defendants have infringed, and continue to infringe, one or more claims of the '746 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, products encompassed by those claims, including for example, by making, using, selling, offering for sale, and/or importing into the United States Canon camcorders that use or are accessible via the Mass Storage Device/Mass Storage Class ("MSD") protocol, including without limitation models VIXIA HF G20, VIXIA mini X, VIXIA XA10, and all other Canon camcorders or digital cameras that use or are accessible via MSD (collectively, "the '746 Infringing Products").

23. The Canon defendants' customers (e.g., distributors, retailers, and online vendors) directly infringe one or more claims of the '746 patent under 35 U.S.C. § 271(a) by selling, offering to sell, or importing the '746 Infringing Products in the United States. The Canon defendants have actively induced infringement of, and continue to actively induce infringement of, one or more claims of the '746 patent under 35 U.S.C. § 271(b), either literally and/or under the doctrine of equivalents, by selling, importing, and/or offering for sale the '746 Infringing Products to its customers with the knowledge of the '746 patent and its claims, with knowledge that its customers will sell, offer to sell, and/or import into the United States the '746 Infringing Products, and with knowledge and specific intent to encourage and facilitate those infringing sales of the '746 Infringing Products through distributing the products to retailers, distributors, and online vendors and creating and disseminating promotional and marketing materials, instructional manuals, product manuals and other technical materials related to the '746 Infringing Products.

24. The Canon defendants have contributed to the infringement of, and continue to contribute to the infringement of, one or more claims of the '746 patent under 35 U.S.C. § 271(c) and/or 271(f), either literally and/or under the doctrine of equivalents, by selling, offering for sale, and/or importing into the United States, the '746 Infringing Products, knowing that those products constitute a material part of the inventions claimed in the '746 patent, knowing that those products are especially made or adapted to infringe the '746 patent, and knowing that those products are not staple articles or commodities of commerce suitable for non-infringing use; rather that the components are used for or in systems that infringe one or more claims of the '746 patent.

25. The Canon defendants have had knowledge of the '746 patent and their infringement of that patent since at least as early as January 7, 2014, through a letter sent by Papst concerning that infringement.

26. On information and belief, the Canon defendants have also had knowledge of the '746 patent since the time it published as US Patent Publication No. 2011/0131353 on June 2, 2011, as a result of monitoring Papst's patent prosecution activities.

27. The Canon defendants have infringed, and continue to infringe, the '746 patent.

28. Papst has been and continues to be damaged by the Canon defendants' infringement of the '746 patent.

29. The Canon defendants have willfully infringed, and continue to willfully infringe, the '746 patent despite having knowledge of the '746 patent at least through Papst's January 7, 2014, letter concerning their infringement.

30. The Canon defendants' conduct in infringing the '746 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT II

### Infringement of U.S. Patent No. 8,966,144

31. Paragraphs 1 through 30 are incorporated by reference as if fully stated herein.

32. The '144 patent is valid and enforceable.

33. The Canon defendants have infringed, and continue to infringe, one or more claims of the '144 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, products encompassed by those claims, including for example, by making, using, selling, offering for sale, and/or importing into the United States Canon digital

cameras that use or can be accessed via MSD, Media Transfer Protocol ("MTP") or Picture Transfer Protocol ("PTP") including, without limitation models EOS 5DS, EOS 70D, EOS Rebel T5, EOS Rebel T6i, PowerShot models G1X, G1X Mark II, G16, G7X, S100, S120, SX170 IS, SX400 IS, SX410 IS, SX50 HS, SX60 HS, SX530 HS, SX600 HS, SX610 HS, SX700 HS, SX710 HS, N100, N2, N Facebook Ready, N, ELPH 115 IS, ELPH 120 IS, ELPH 130 IS, ELPH 135, ELPH 140 IS, ELPH 150, ELPH 160, ELPH 170 IS, ELPH 350 HS, D20, D30 and all other Canon digital cameras that use or can be accessed via MSD, MTP, or PTP, and by making, using, selling, offering for sale, and/or importing into the United States Canon camcorders that use or can be accessed via MSD, MTP, or PTP, including without limitation models VIXIA HF G10, VIXIA HF G20, VIXIA HF G30, VIXIA HF R400, VIXIA HF R50, VIXIA HF R600, VIXIA HF R62, VIXIA mini, VIXIA mini X, VIXIA XA10, and all other Canon camcorders that use or can be accessed via MSD, MTP, or PTP  (collectively, "the '144 Infringing Products").

34. The Canon defendants' customers (e.g., distributors, retailers, and online vendors) directly infringe one or more claims of the '144 patent under 35 U.S.C. § 271(a) by selling, offering to sell, or importing the '144 Infringing Products in the United States.  The Canon defendants have actively induced infringement of, and continue to actively induce infringement of, one or more claims of the '144 patent under 35 U.S.C. § 271(b), either literally and/or under the doctrine of equivalents, by selling, importing, and/or offering for sale the '144 Infringing Products to its customers with the knowledge of the '144 patent and its claims, with knowledge that its customers will sell, offer to sell, and/or import into the United States the '144 Infringing Products, and with knowledge and specific intent to encourage and facilitate those infringing sales of the '144 Infringing Products through distributing the products to retailers, distributors,

and online vendors and creating and disseminating promotional and marketing materials, instructional manuals, product manuals and other technical materials related to the '144 Infringing Products.

35. The Canon defendants have contributed to the infringement of, and continue to contribute to the infringement of, one or more claims of the '144 patent under 35 U.S.C. § 271(c) and/or 271(f), either literally and/or under the doctrine of equivalents, by selling, offering for sale, and/or importing into the United States, the '144 Infringing Products, knowing that those products constitute a material part of the inventions claimed in the '144 patent, knowing that those products are especially made or adapted to infringe the '144 patent, and knowing that those products are not staple articles or commodities of commerce suitable for non-infringing use; rather that the components are used for or in systems that infringe one or more claims of the '144 patent.

36. The Canon defendants have had knowledge of the '144 patent and their infringement of that patent since at least March 13, 2015, through a letter sent by Papst concerning that infringement.

37. The Canon defendants have infringed, and continue to infringe, the '144 patent.

38. Papst has been and continues to be damaged by the Canon defendants' infringement of the '144 patent.

39. The Canon defendants have willfully infringed, and continue to willfully infringe, the '144 patent despite having knowledge of the '144 patent at least through Papst's March 13, 2015, letter concerning their infringement.

40. The Canon defendants' conduct in infringing the '144 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## **Prayer For Relief**

WHEREFORE, Papst prays for judgment as follows:

A.  That the Canon defendants have directly and/or indirectly infringed each of the Patents-in-Suit;

B.  That the Canon defendants have willfully infringed each of the Patents-in-Suit;

C.  That Papst be awarded all damages adequate to compensate it for the Canon defendants' infringement of the Patents-in-Suit, including provisional damages pursuant to 35 U.S.C. 154(d), such damages to be determined by a jury and, if necessary to adequately compensate Papst for the infringement, an accounting, and that such damages be trebled and awarded to Papst with pre-judgment and post-judgment interest;

D.  That this case be declared an exceptional case within the meaning of 35 U.S.C. § 285 and that Papst be awarded the attorney fees, costs, and expenses that it incurs prosecuting this action; and

E.  That Papst be awarded such other and further relief as this Court deems just and proper.

## **Demand For Jury Trial**

Plaintiff Papst hereby demands a trial by jury on all issues so triable.

Dated:  June 15, 2015

*Of Counsel:*

John M. Desmarais
Jonas R. McDavit
Richard M. Cowell
DESMARAIS LLP
230 Park Avenue
New York, NY  10169
(212) 351-3400 (Telephone)
(212) 351-3401 (Facsimile)
jdesmarais@desmaraisllp.com
jmcdavit@desmaraisllp.com
rcowell@desmaraisllp.com

FARNAN LLP

 /s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street
12th Floor
Wilmington, DE  19801
(302) 777-0300 (Telephone)
(302) 777-0301 (Facsimile)
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Counsel for Plaintiff*
*Papst Licensing GmbH Co. KG*